IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ROBERT CHRISMAN,

                                        Case No: 8:25-cv-02273

    Plaintiff,

v.

OFFER PAD, LLC.,

    Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Robert Chrisman, hereby sues the Defendant, Offer Pad, LLC., ("Offer Pad") and states as follows:

## INTRODUCTION

1. This is an action against the Defendant for damages pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000 *et. seq.*, as amended, referred to as ("CRA"); and the Florida Civil Rights Act ("FCRA"), Fl. Stat. §760.10.

## PARTIES

2. Plaintiff Chrisman, at all times material hereto, was a resident of Sarasota County Florida. At all times material hereto Plaintiff was an employee of Defendant as defined by the CRA and the FCRA, Fl. Stat. §760.02.

3. Defendant Offer Pad, is a foreign limited liability company that does business within the Middle District of Florida and is subject to the jurisdiction of

this Court. At all times material hereto Defendant was Plaintiff's employer within the meaning 42 U.S.C. §2000e-(b) and Fl. Stat. §760.02.

## JURISDICTION

4. This Court has jurisdiction over this matter pursuant to the CRA §2000e-5.

5. This Court has supplemental jurisdiction over any state law claims raised herein pursuant to 28 U.S.C. § 1367 because the state law claims are so related to the federal claims raised herein that they form a part of the same case and controversy under Article III of the United States Constitution.

6. On May 29, 2025, the United States Equal Employment Opportunity Commission ("EEOC") issued a Notice of Suit Rights (attached hereto as Exhibit "A"), based on Plaintiff's timely charge of discrimination based on sex and retaliation (attached hereto as Exhibit "B"). This complaint was filed within 90 days of Plaintiff receipt of the Notice of Suit Rights.

7. Plaintiff has completed all conditions precedent to this action and exhausted all administrative remedies applicable to the claims raised herein.

## VENUE

8. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b), as the unlawful employment practices were committed in this district.

## **FACTUAL ALLEGATIONS**

9. Chrisman was initially hired by Defendant in October of 2021 as a Project Manager. Plaintiff performed his duties in a satisfactory manner, and received various recognitions for his performance through November of 2023.

10. On November 29, 2023, Plaintiff was subjected to unwanted sexual harassment by a manager, which included physically touching Plaintiff's groin area. Plaintiff initially reported his objection to this activity verbally to Human Resources, and subsequently provided a written objection on January 23, 2024.

11. After initially reporting the sexual harassment to Defendant, Plaintiff was subjected to retaliatory conduct by the same manager, which included changes to Plaintiff's coverage territory, as well as delays in approving proposed project budgets in an effort to adversely affected Plaintiff performance statistics.

12. Plaintiff notified Defendant of the retaliatory conduct, in writing, and indicated to Defendant he was no longer comfortable meeting with this manager in person. However, Defendant continued to require Plaintiff to meet with the manager in person and failed to properly investigate the sexual harassment or take any appropriate remedial action.

13. Approximately three weeks after Plaintiff documented the harassment and retaliation in writing (January 23, 2024), Defendant terminated Plaintiff's employment on or about February 16, 2024, falsely claiming Plaintiff refused to perform essential job functions.

### COUNT I: VIOLATION OF THE CRA, SEX DISCRIMINATION

14. Plaintiff re-alleges paragraphs 1 through 13 as if fully set forth herein.

15. Defendant engaged in unlawful and intentional employment practices in violation of 42 U.S.C. §2000e-2 based on Plaintiff's sex and complaints of sexual harassment. The employment practices complained of herein include, but are not limited to, discrimination with respect to the terms, conditions, and privileges of employment, as well as the termination of Plaintiff's employment.

16. The effect of these unlawful employment practices by Defendant has deprived Plaintiff of equal employment opportunities and has otherwise adversely affected his status as a qualified employee of Defendant.

17. Plaintiff has met the prerequisites for filing suit under the CRA by filing a timely written charge of discrimination under oath alleging sex discrimination and retaliation with the EEOC.

18.　As a direct result of the discriminatory conduct of Defendant, Plaintiff has suffered mental anguish, emotional harm, loss of gainful employment, loss of earnings and income, and loss of employment benefits.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment against the Defendant and:

a.　Direct the Defendant to make Plaintiff whole by providing him with appropriate lost earnings and employment benefits, with prejudgment interest, in amounts to be proven at trial, and otherwise affirmative relief necessary to eradicate the effect of its unlawful employment practices;

b. Direct the Defendant to make Plaintiff whole by providing compensation for pecuniary losses, in amounts to be proven at trial;

c.　Direct the Defendant to make Plaintiff whole by providing him with compensation for non-pecuniary losses, including emotional pain and suffering in amounts to be proven at trial;

d.　Direct the Defendant to pay punitive damages for the Defendant's unlawful and intentional employment practices;

e.　Direct the Defendant to pay the reasonable costs and attorney's fees in connection with this action.

f.  Grant such further relief as the Court deems necessary and proper.

## COUNT II: VIOLATION OF THE CRA, RETALIATION

19.  Plaintiff re-alleges paragraphs 1 through 13 as if fully set forth herein.

20.  Defendant engaged in unlawful and intentional retaliation in violation of 42 U.S.C. §2000e-3. The retaliatory practices complained of herein include, but is not limited to, the termination of Plaintiff's employment following his complaints of sexual harassment.

21.  The effect of these unlawful retaliatory employment practices by Defendant has been to deprive Plaintiff of equal employment opportunities and other terms, conditions, and privileges of his employment, and has otherwise adversely affected his status as a qualified employee of Defendant.

22.  Plaintiff has met the prerequisites for filing suit under the CRA by filing a timely written charge of discrimination under oath alleging discrimination and retaliation with the EEOC.

23. As a direct result of the retaliatory conduct of Defendant, Plaintiff has suffered mental anguish, emotional harm, loss of gainful employment, loss of earnings and income, and loss of employment benefits.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment against the Defendant and:

    a.   Direct the Defendant to make Plaintiff whole by providing him with appropriate lost earnings and employment benefits, with prejudgment interest, in amounts to be proven at trial, and otherwise affirmative relief necessary to eradicate the effect of its unlawful employment practices;

    b.   Direct the Defendant to make Plaintiff whole by providing compensation for pecuniary losses in amounts to be proven at trial;

    c.   Direct the Defendant to make Plaintiff whole by providing him with compensation for non-pecuniary losses, including emotional pain and suffering in amounts to be proven at trial;

    d.   Direct the Defendant to pay punitive damages for the Defendant's unlawful and intentional employment practices;

    e.   Direct the Defendant to pay the reasonable costs and attorney's fees in connection with this action.

    f.   Grant such further relief as the Court deems necessary and proper.

**COUNT III: VIOLATION OF THE FCRA, SEX DISCRIMINATION**

24.   Plaintiff re-alleges paragraphs 1 through 13 as if fully set forth herein.

25.   Defendant discriminated against Plaintiff on the basis of his sex and reported sexual harassment, including but not limited to, the termination of Plaintiff' employment. These actions were discriminatory with respect to compensation, terms, conditions, and

privileges of Plaintiff's employment and done in violation of §760.10(1)(a) and (b), Florida Statutes.

26. The employment practices complained of herein were unlawful and were done with malice and reckless indifference to Plaintiff's protected rights under the Florida Civil Rights Act of 1992.

27. As a direct result of Defendants discrimination against Plaintiff, he has suffered mental anguish, emotional harm, loss of gainful employment, loss of earnings and income, and loss of employment benefits.

28. Plaintiff has met the prerequisites for filing suit under the FCRA by filing a timely written charge of discrimination under oath alleging sex discrimination and retaliation with the EEOC, dual filed with the Florida Commission on Human Relations. More than 180 days has elapsed since the filing of the charge and the Florida Commission on Human Relations has failed to conciliate or determine whether there is reasonable cause on Plaintiff's discrimination charge.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment against the Defendant and:

a. Direct the Defendant to make Plaintiff whole by providing him with appropriate lost earnings and employment benefits, with prejudgment interest, in

amounts to be proven at trial, and otherwise affirmative relief necessary to eradicate the effect of its unlawful employment practices;

    b. Direct the Defendant to make Plaintiff whole by providing compensation for pecuniary losses in amounts to be proven at trial;

    c. Direct the Defendant to make Plaintiff whole by providing him with compensation for non-pecuniary losses, including emotional pain and suffering in amounts to be proven at trial;

    d. Direct the Defendant to pay punitive damages for the Defendant's unlawful and intentional employment practices;

    e. Direct the Defendant to pay the reasonable costs and attorney's fees in connection with this action.

    f. Grant such further relief as the Court deems necessary and proper.

## COUNT IV: VIOLATION OF THE FCRA, RETALIATION

29. Plaintiff re-alleges paragraphs 1 through 13 as if fully set forth herein.

30. Defendant retaliated against Plaintiff on the basis of his sex and reported sexual harassment, including but not limited to, the termination of Plaintiff' employment. These actions were retaliatory with respect to compensation, terms, conditions, and privileges of Plaintiff's employment and done in violation of §760.10(1)(a) and (b), Florida Statutes.

31. The employment practices complained of herein were unlawful and were done with malice and reckless indifference to Plaintiff's protected rights under the Florida Civil Rights Act of 1992.

32. As a direct result of Defendants discrimination against Plaintiff, he has suffered mental anguish, emotional harm, loss of gainful employment, loss of earnings and income, and loss of employment benefits.

33. Plaintiff has met the prerequisites for filing suit under the FCRA by filing a timely written charge of discrimination under oath alleging sex discrimination and retaliation with the EEOC, dual filed with the Florida Commission on Human Relations. More than 180 days has elapsed since the filing of the charge and the Florida Commission on Human Relations has failed to conciliate or determine whether there is reasonable cause on Plaintiff's discrimination charge.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment against the Defendant and:

a. Direct the Defendant to make Plaintiff whole by providing him with appropriate lost earnings and employment benefits, with prejudgment interest, in amounts to be proven at trial, and otherwise affirmative relief necessary to eradicate the effect of its unlawful employment practices;

  b. Direct the Defendant to make Plaintiff whole by providing compensation for pecuniary losses in amounts to be proven at trial;

  c. Direct the Defendant to make Plaintiff whole by providing him with compensation for non-pecuniary losses, including emotional pain and suffering in amounts to be proven at trial;

  d. Direct the Defendant to pay punitive damages for the Defendant's unlawful and intentional employment practices;

  e. Direct the Defendant to pay the reasonable costs and attorney's fees in connection with this action.

  f. Grant such further relief as the Court deems necessary and proper.

## **DEMAND FOR A JURY TRIAL**

  34. Plaintiff demands a trial by jury pursuant to Rule 38(b) of the Federal Rules of Civil Procedure and in accordance with Rule 1.09 of the Rules of the U.S. District Court for the Middle District of Florida.

Dated this 26th day of August, 2025.

        S/ Steven E. Hovsepian
         Steven E. Hovsepian
         BARBAS, NUÑEZ, SANDERS,
         BUTLER & HOVSEPIAN
         Lead Counsel, Attorneys for Plaintiff
         FL. Bar No. 0091359
         1802 W. Cleveland Street
         Tampa, FL 33606
         Telephone: (813) 254-6575
         Facsimile: (813) 254-4690
         shovsepian@barbaslaw.com